UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80556-CIV-MARRA

GOVERNMENT EMPLOYEES INSURANCE
COMPANY,

Plaintiff,

vs.

JANET PRUSHANSKY, as Personal
Representative of the Estate of Ann Prushansky,

Defendant.
_____/

JANET PRUSHANSKY, as Personal
Representative of the Estate of Ann Prushansky,

Defendant/Counter-Plaintiff,

vs.

GOVERNMENT EMPLOYEES INSURANCE
COMPANY,

Plaintiff/Counter-Defendant,
_____/

**OPINION AND ORDER**

This cause is before the Court upon Plaintiff/Counter-Defendant Government Employees Insurance Company's ("Geico" "Counter-Defendant") Motion to Dismiss Counts II and III of Defendant/Counter-Plaintiff's Counterclaim (DE 23). The motion is fully briefed and ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

I. Background

On May 22, 2012, Geico filed a complaint for declaratory relief against Defendant/Counter-Plaintiff Janet Prushansky, personal representative of the estate of Ann Prushansky ("Prushansky" "Counter-Plaintiff"). (Compl., DE 1.) According to the allegations of the Complaint, Geico insured David Fradley under a family automobile liability policy. On June 10, 2008, Tara Fradley, David Fradley's daughter, was involved in an automobile accident in which Ann Prushansky was killed. (Compl. ¶¶ 5[1]; Policy, DE 1-1; Counterclaim ¶ 4, DE 20.) On November 21, 2008, Prushanksy initiated a civil action (the "underlying action") and, on July 12, 2011, an amended final judgment was entered against Tara Fradley in the amount of $2,150,000.00. (Compl. ¶¶ 6-7.) The amended final judgment is in excess of the $100,000.00 bodily injury liability policy limits. (Compl. ¶ 8.) Geico seeks a declaratory judgment that it did not act in bad faith in handling the Prushansky bodily injury liability claim, is not obligated to indemnify Tara Fradley beyond the bodily injury liability limits of the policy and is not obligated to satisfy the entire judgment entered in the Prushansky underlying action. (Compl., Wherefore clause.)

On August 24, 2012, Prushansky filed her Answer and a three-count counterclaim, as personal representative of the estate of Ann Prushansky and assignee of Tara Fradley, for bad faith (count one), breach of contract (count two) and breach of fiduciary duty (count three). (Counterclaim ¶ 1.) The counterclaim alleges that, on June 11, 2008, Geico acknowledged the collision and Ann Prushansky's death in a letter. (Counterclaim ¶ 8; June 11, 2008 letter, Ex. B,

---

[1] There are two paragraphs in the Complaint with the number five. This reference is to both of those paragraphs.

DE 20-2.) By letter dated June 13, 2008, Prushansky's attorney requested from Geico the disclosure of insurance information for Geico's insured and demanded that Geico tender its liability policy limits in settlement of Prushansky's claim within 30 days. (Counterclaim ¶¶ 9-10; June 13, 2008 letter, Ex. C, DE 20-3.)  Geico acknowledged receipt of the June 13, 2008 letter and provided an affidavit of insurance coverage. (Counterclaim ¶ 11.)  By letter dated June 25, 2008, an attorney retained by Geico informed Prushansky's attorney that he represented Tara, David and Mary Fradley. (Counterclaim ¶ 14.)

By letter dated July 3, 2008, Geico tendered a check for $100,000.00 in settlement of Prushansky's claim, together with a release. (Counterclaim ¶¶ 15-16.)  The release contained an indemnification clause.  That clause provides:

> IN FURTHER CONSIDERATION of said payment, Releasor(s) agree to defend, protect, and indemnify and hold harmless Releasee(s) from any and every claim or demand, loss or expense of every kind, which may ever be asserted by him/her/them, or on his/her/their account, or by anyone else, arising out of bodily injuries sustained by Releasor(s) as set forth above, and Releasee(s) shall be entitled to plead this obligation and this Release in defense of any such claim. Releasor(s) specifically undertake any [sic] agree to defend, indemnify and hold harmless Releasee(s) for any claims, demands, liens, or assignments, relating to the medical care, diagnosis or treatment of Releasor(s), and any workers compensation claims, demands or liens now pending, or which may be asserted in the future any liens arising out of the legal representation of Releasor(s).

(Counterclaim ¶ 17.)

On August 18, 2008, Prushansky's attorney requested that GEICO provide a release without an indemnification clause. (Counterclaim ¶ 18, Aug. 18, 2008 letter, Ex. E, DE 20-5.) By November 21, 2008, GEICO failed to provide Prushansky's attorney with a revised release removing the indemnity clause. (Counterclaim ¶ 21.)  Eventually, on January 7, 2009, GEICO informed Prushansky that removal of the indemnity clause was acceptable and enclosed a

3

modified release.  (Counterclaim ¶ 24; Jan. 7, 2009 letter, Ex. H, DE 20-8.)  Prushansky rejected this attempt to settle. (Counterclaim ¶ 25.)  After the $2,150,000.00 judgment was entered in favor of Prushansky, Tara Fradley, as a judgment debtor, assigned to Prushansky all of her rights to proceed against GEICO. (Counterclaim ¶ 28; Assignment, EX. K, DE 20-11.)

GEICO moves to dismiss the claims for breach of contract and breach of fiduciary duty on the basis that these claims are disguised claims for bad faith.

II. Legal Standard

With respect to the motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court observes first that Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a

plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### III. Discussion

In moving to dismiss the counterclaims for breach of contract and breach of fiduciary duty, Geico relies on QBE Ins. Corp. v. Chalfonte Condo. Apartment Ass'n, Inc., 94 So. 3d 541 (Fla. 2012).  In that case, the Florida Supreme Court sought to answer, among other certified questions posed the United States Court of Appeal for the Eleventh Circuit, whether "Florida law recognize[s] a claim for breach of implied warranty of good faith and fair dealing by an insured against its insurer based on the insurer's failure to investigate and assess the insured's claim within a reasonable period of time?" Id. at 544-45.  In finding that Florida law does not recognize such a claim, the Florida Supreme Court provided a useful history of the development of bad faith claims in Florida.  Because that reasoning applies to the instant case, the Court will highlight some of the reasoning discussed in Chalfonte:

> For many years, Florida courts imposed an independent duty on liability insurers to act in good faith when defending insureds against third-party claims, and recognized a common law cause of action for bad faith within the context of third-party actions.  In fact, Florida common law recognized third-party bad-faith actions involving insurance as early as 1938.  These third-party bad-faith actions involved a claim in which an insured sues his liability insurance company for bad faith in failing to settle a claim which ultimately results in a third-party judgment against him in excess of the policy limits.  Even though the bad faith occurred between an insurer and its insured, Florida courts have also allowed the injured third party to bring a bad-faith action directly against the first party's insurer without an assignment of the cause of action by the insured first party.
>
> However, at the time, no analogous bad-faith action existed for first-party claimants in Florida common law.  Florida was among a number of states upholding a distinction between

5

> the duty owed to first- and third-party claimants, with insurers owing no fiduciary duty in first-party claims because their legal relationship was that of debtor and creditor.
>
> In 1982, the Legislature enacted section 624.155 of the Florida Statutes,[2] the so-called "Bad Faith Statute."  This statute was designed and intended to provide a civil remedy for any person damaged by an insurer's conduct.

Id. at 545-46 (internal citations and quotation marks omitted).

The Chalfonte court went on to say that the legislature created a statutory cause of action for first party bad faith claims and codified prior decisions which permitted a third-party to bring a bad-faith action under the common law.  Id. at 546.  The Chalfonte court also noted that "there is no common law first-party bad-faith action in Florida."  Id. at 547.  In reviewing prior federal court decisions, the Chalfonte court observed that federal courts have disagreed as to whether there is a separate common law claim for breach of implied warranty of good faith and fair dealing in addition to a first-party bad faith claim.  Id.   While the Chalfonte court recognized that there is an implied covenant of good faith and fair dealing in every contract, it nonetheless held that first-party claims for an implied warranty of good faith and fair dealing are actually statutory bad-faith claims that must be brought under Florida Statute § 624.155.  Id. at 548-49.

The finding that a claim for the implied warranty of good faith and fair dealing is

---

[2]  Florida Statutes § 624.155 provides in pertinent part:

(1) Any person may bring a civil action against an insurer when such person is damaged:
. . . .

(b) By the commission of any of the following acts by the insurer:

1. Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests. . . .

6

subsumed into a bad faith claim supports Geico's argument that a breach of contract claim and breach of fiduciary claim is duplicative of the bad faith claim. Indeed, when an insured brings an action against his or her carrier for failure to settle a third party's claim, the action sounds in contract. See Swamy v. Caduceus Self Ins. Fund, Inc., 648 So. 2d 758, 760 (Fla. Dist. Ct. App. 1994) (citing Government Employees Ins. Co. v. Grounds, 332 So.2d 13 (Fla.1976)); American Vehicle Ins. Co. v. Goheagan, 35 So. 3d 1001, 1003 (Fla. Dist. Ct. App. 2010). Thus, the breach of contract claim is subsumed into the bad faith claim. With respect to the breach of fiduciary duty, Florida courts have historically recognized that third-party insurance claims for bad faith stemmed from the fiduciary relationship between the insurer and the insured. State Farm Mut. Auto Ins. Co. v. Laforet, 658 So. 2d 55, 58 (Fla. 1995); see also Doe v. Allstate Ins. Co., 653 So. 2d 371, 374 (Fla. 1995) ("the insurer, in handling the defense of claims against its insured, has a duty to use the same degree of care and diligence as a person of ordinary care and prudence should exercise in the management of his own business.") (internal quotation marks omitted); Allstate Indem. Co. v. Ruiz, 899 So. 2d 1121, 1125 (Fla. 2005) (the fiduciary duty between insurers and their insureds eventually became known as the "exercise of good faith" or the "avoidance of bad faith" and the injured third-party was the beneficiary of the bad faith claim). For that reason, the Court also finds that the breach of fiduciary duty claim is subsumed into the claim for bad faith.

  The Court does not find it significant that Chalfonte addressed bad faith claims in the first-party context whereas the instant case concerns the third-party context. Significantly, prior to Chalfonte, the Florida Supreme Court had begun to view both first-party and third-party bad faith insurance claims similarly. For example, in Ruiz, the Florida Supreme Court acknowledged

that Florida Statute § 624.155 "ushered out the distinction between first- and third-party statutory claims for the purposes of initiating bad faith actions." Id. at 1126. With that in mind, the Ruiz court held that the historic distinctions between first-party and third-party actions with regard to discovery purposes was "unjustified" and lacked support under Florida Statute § 624.155. Id. at 1128. Likewise, Laforet discussed the history of available damages in both first-party and third-party actions. Laforet, 658 So. 2d at 60-61. Prior to the passage of Florida Statute § 627.727(10),[3] first-party actions could only recover damages that were the "natural, proximate, probable, or direct consequence of the insurer's bad faith" whereas damages in third-party actions could include the "amount of a judgment in excess of policy limits." Id. at 60. Laforet held that, pursuant to Florida Statute § 627.727(10), damages in first-party and third-party actions are the same. Id.

In so finding, the Court rejects the cases upon which Prushansky relies to argue that Florida law provides for a claim of breach of contract based on the facts alleged. Carrousel Concessions, Inc. v. Florida Ins. Guar. Ass'n, 483 So. 2d 513 (Fla. Dist. Ct. App. 1986) addressed a breach of contract claim brought by the insured against the insurer for failing to provide an adequate defense and the court stated that the breach can be determined objectively

---

[3] Section 627.727(10) of the Florida Statutes provides:

> The damages recoverable from an uninsured motorist carrier in an action brought under s. 624.155 shall include the total amount of the claimant's damages, including the amount in excess of the policy limits, any interest on unpaid benefits, reasonable attorney's fees and costs, and any damages caused by a violation of a law of this state. The total amount of the claimant's damages is recoverable whether caused by an insurer or by a third-party tortfeasor.

Florida Statutes § 627.727(10).

from the insurance contract without inquiring into whether the insurer acted in good faith or bad faith. Id. at 516.  The counterclaim alleged here is that the contract "includes an obligation by Geico to indemnify and defend the insured from a judgment *in excess of the policy limits*, especially where such judgment is in part due to acts and omissions of Geico." (Counterclaim ¶ 36) (emphasis added).  That is different from the facts in Carrousel Concessions.  Moreover, any duty to defend in excess of the policy limits, by its very definition, could not include a claim for a breach of the  contract because the insurance contact would only provide for insurance benefits within its policy limits.  It is only through acts constituting bad faith that an insurer is obligated to pay in excess of the policy limits.

Finally, Aaron v. Allstate Ins. Co., 559 So. 2d 275 (Fla. Dist. Ct. App. 1990) fails to assist Prushansky.  In that case, the plaintiff sued the insurer for breach of contract, bad faith, negligence and fraud.  Id. at 276.  The defendant did not raise the argument raised here; namely, that the breach of contract claim is subsumed into the bad faith claim. Nor did the court address it.  Instead, the defendant moved to dismiss on the basis that insured could not assign her cause of action to the plaintiff and that there is no cognizable claim for an inadequate defense.  Id. at 277. Simply because the court did not address, *sua sponte*, whether these claims can be brought together does not mean that Florida law views these claims as substantively viable.

For the foregoing reasons, the Court dismisses the counterclaims for breach of contract and breach of fiduciary duty.

<u>IV. Conclusion</u>

Geico's Motion to Dismiss Counts II and III of Defendant/Counter-Plaintiff's

Counterclaim (DE 23) is **GRANTED**.  Counterclaim two and three are dismissed.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 6th day of December, 2012.

_____
KENNETH A. MARRA
United States District Judge